This is an appeal from a judgment of the Toledo Municipal Court which granted a verdict in favor of appellee Robert Nickles and dismissed appellant Brent Martin's complaint, in which appellant sought reimbursement for repairs he made to appellee's boat. For the reasons that follow, we affirm the judgment of the trial court.
Appellant sets forth the following five assignments of error on appeal:
 "1. The trial court erred in holding that [appellant] was not an artisan, and that he could not assert an artisan's lien for goods furnished or services performed in the repair and restoration of the boat. * * *"
 "2. The trial court erred in excluding testimony that [appellant] furnished goods and performed services between March 15, 1997 and May 25, 1997 in the good faith belief that the case had been settled. * * *"
 "3. The trial court erred in finding that upon taking possession of the boat, [appellant] was put on direct notice that the seller did not have proper title to the boat. * * *"
 "4. The trial court erred in holding that [appellant] could not assert a claim in quantum meruit for goods furnished and services performed in the repair and restoration of the boat. * * *"
 "5. The trial court erred in disregarding [appellant's] claim that [appellee] could not assert a claim of ownership to the boat since he did not possess a certificate of title showing that he was the registered owner. * * *"
The undisputed facts that are relevant to the issues raised on appeal are as follows. On April 13, 1996, appellant's friend, Stuart Humason, purchased a boat and trailer from the estate of Joseph May for $500. Humason subsequently sold the boat to appellant for $200. Appellant immediately began to refurbish and repair the boat, which was in a very dilapidated condition.
Approximately two weeks later May's daughter, Melissa Netry, informed appellant and Humason that the boat had not belonged to her deceased father. Netry returned appellant's $200 and advised him to stop working on the boat. Appellant eventually learned that at the time he purchased the boat it was owned by Lonnie Meredieth, who had since sold the boat to appellee, Robert Nickles. Although appellee was told that appellant had the boat, appellee did not immediately take possession of the boat, which remained on appellant's property. Over the next several months, appellant performed certain repairs on the boat and protected it from the elements to prevent its further deterioration.
On July 12, 1996, appellant filed a complaint for foreclosure against appellee, Meredieth and Ohio Citizens Bank, which had a security interest in the boat. In his complaint, appellant asserted that he had a common law artisan's lien on the boat in the amount of $5,171.98 for repairs and storage. On September 30, 1996, appellee filed an answer. On October 30, 1996, appellant filed a motion for default judgment against Meredieth and Ohio Citizens Bank, which the trial court granted on the same day. On January 7, 1997, appellant filed his first amended complaint, in which he asserted that he performed additional work on the boat after July 12, 1996, and increased his claim for an artisan's lien to $6,242.98.
On January 22, 1997, appellant filed a motion for summary judgment and memorandum in support thereof, in which he asserted that he is entitled to an artisan's lien as a matter of law. In support of his motion, appellant attached his own affidavit and the affidavits of Humason and Netry. On March 4, 1997, appellant filed his second amended complaint, in which he asserted an additional claim for damages based on quantum meruit.
On March 13, 1997, the trial court filed a judgment entry in which it stated:
 "Upon representation of the parties that this matter has been settled, this case shall be continued to 4/14/97 for submission of an appropriate Judgment Entry reflecting the terms of the agreement between and among the parties, OR THIS CASE SHALL BE DISMISSED without prejudice * * *."
On April 18, 1997, appellant filed a motion for an extension of time, in which he stated that he was able "to contact counsel for [appellee] but has been unable to set a time for delivery of the settlement check and the approved form of judgment entry. * * *" On April 24, 1997, the trial court granted appellant's request for an extension of time to file the judgment entry. On May 1, 1997, appellant filed a motion to reinstate his complaint in which he stated that appellee was unwilling to approve the settlement. On May 22, 1997, the trial court reinstated the case on its docket.
On August 29, 1997, appellant filed a supplemental complaint, in which he asserted that he was entitled to $15,000 for all of the work he had performed on the boat. In August 1998, the title to the boat was transferred from Meredieth to appellee.
On April 23, 1998, a trial to the court was held at which appellant and Humason testified that when they purchased the boat and trailer from Netry they believed Netry had the title to the boat. Humason further testified at trial that he helped appellant work on the boat for only eight hours. Humason stated that appellee briefly inspected the boat at Humason's house sometime after April 25, 1996.
Appellant testified at trial that he and Humason worked on the boat's motor and repaired the tires on the trailer before Netry informed them that she did not have the title. Appellant further testified that he offered to buy the boat from appellee for $1,000, but appellee refused to sell the boat.
Appellant stated that between April 25, 1996 and July 2, 1996, he performed "maintenance" on the boat and covered it with plastic. Appellant also stated that he made numerous improvements to the boat between March 15, 1997 and May 25, 1997, in reliance on the settlement agreement. However, in response to appellee's objection, the trial court excluded all testimony as to the parties' settlement agreement.
On cross-examination appellant testified that he is paid $12 per hour as a floor installer, and that in the past he has performed minor repairs on his mother's boat. Appellant further testified that he should be paid $30 per hour for working on the boat in this case, and that he should be paid $7 per day for storing the boat. Appellant stated that he paid $1,750 to have the boat's motor overhauled by a qualified mechanic, and he paid $250 of his own money for materials to fix the boat, in addition to using materials he had in his garage. Finally, appellant testified that he repaired the boat because he thought he would eventually own it.
At the close of appellant's evidence, appellee made a motion for a directed verdict, which was granted by the trial court. On May 13, 1998, the trial court filed a judgment entry in which it found that appellant was not entitled to an artisan's lien, and the evidence presented at trial was "insufficient to establish a claim for labor and/or materials under a quantum meruit theory." Accordingly, the trial court dismissed appellant's complaint and, by consent of appellee, ordered appellee to pay appellant $250. On June 10, 1998, appellant filed a timely notice of appeal.
Appellant asserts in his first assignment of error that the trial court erred by finding that he is not entitled to an artisan's lien. In support thereof, appellant argues that he repaired and restored the boat, and "he is entitled to be paid before releasing the boat and trailer to [appellee]."
It is well-settled that:
 "An artisan who furnishes materials or performs labor for the building or repair of chattel property has a valid common-law lien upon such chattel property for the reasonable value of such labor and materials while he retains such chattel property in his possession." Metropolitan Securities Co. v. Orlow
(1923), 107 Ohio St. 583, at paragraph one of the syllabus.
However, in order to assert such a common-law claim, the chattel upon which labor and skill was bestowed must have been bailed to the claimant for that particular purpose. See Shearer v. BillGarlic Motors, Inc. (1977), 59 Ohio App.2d 320, 322.
As stated above appellant, a floor installer by profession, testified at trial that he performed work on the boat in the belief that it would someday belong to him. No evidence was presented that appellee gave the boat to appellant for appellant to repair, or that appellee left the boat in appellant's keeping with the specific intention of having appellant repair the boat. Evidence was presented, however, that Netry told appellant to stop working on the boat in April 1996, approximately two weeks after appellant and Humason attempted to purchase the boat from May's estate.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that appellant is not entitled to a common-law artisan's lien in this case. Appellant's first assignment of error is not well-taken.
Appellant asserts in his fourth assignment of error that the trial court erred by finding that he presented insufficient evidence at trial to establish that he is entitled to the reasonable value of his labor under the doctrine of quantum meruit. In support thereof, appellant argues that he is justified in expecting reimbursement from appellee because of appellee's "inexcusable neglect" of the boat while it was in appellant's care.
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. In considering whether the judgment of the trial court is against the manifest weight of the evidence, it is important that the court of appeals be guided by a presumption that the findings of the trier-of-fact are correct. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77.
Quantum meruit is a quasi-contract action which arises when a benefit has been conferred by the plaintiff on defendant, under circumstances where the defendant has knowledge of the benefit conferred, and it would be unjust for the defendant to be enriched by retaining the benefit without compensating the plaintiff. Loyer v. Loyer (Aug. 16, 1996), Huron App. No. H-95-068, unreported, citing Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183; Hummel v. Hummel (1938), 133 Ohio St. 520. "Literally translated, the phrase means, `* * * as much as he deserves.'" Id., citing National City Bank v. Fleming (1981),2 Ohio App.3d 50, 57. However, the enrichment is not considered to be unjust in cases where a party volunteered his or her services without expecting payment. See Paugh Farmer, Inc. v. MenorahHome for Jewish Aged (1984), 15 Ohio St.3d 44, 46.
No evidence was presented at trial that appellant worked on the boat in the expectation that appellee was going to pay him for the value of his services. To the contrary, appellant testified that he worked on the boat to keep it from further deteriorating and to restore it for his own use.
Upon consideration of the foregoing, this court finds that insufficient evidence was presented at trial to show that appellant had a reasonable expectation of payment for working on the boat at the time that such work was performed. Accordingly, the trial court's finding that appellant had not established a claim for recovery based on quantum meruit was not against the manifest weight of the evidence, and appellant's fourth assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court committed prejudicial error when it refused to allow him to testify as to the parties' settlement agreement.
Generally, the admission or exclusion of evidence by a trial court will not be reversed on appeal absent a clear and prejudicial abuse of discretion. O'Brien v. Angely (1980),63 Ohio St.2d 159, 163. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217.
Evid.R. 408 provides, in relevant part:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. * * * This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."
Appellant argues on appeal that his testimony concerning the settlement would have shown that he worked on the boat between March 1997 and May 1997 "because he had been advised that the case was in the process of being settled * * *." As stated above, if appellant's testimony concerning the settlement agreement was offered to show appellant's state of mind and not to establish liability or the amount of appellant's claim, the trial court erred by excluding such testimony pursuant to Evid. R. 408. However, upon consideration of our determination as to appellant's first and fourth assignments of error, we find that appellant was not prejudiced by the exclusion of his testimony concerning the settlement. Accordingly, any error which may have occurred was harmless, and appellant's second assignment of error is not well-taken.
Appellant argues in his fifth assignment of error that, pursuant to Michigan law, a person asserting ownership of a boat must possess a certificate of title. Appellant further argues that appellee was not entitled to claim ownership of the boat in April 1998, because appellee did not apply for a certificate of title for the boat until August 1998.
A review of the record in this case shows that appellant's trial counsel made only a passing mention of the status of appellee's title to the boat in his closing argument. No evidence as to whether or not appellee had obtained a Michigan certificate of title was presented in the proceedings below, and the issue was not briefed or argued to the trial court by either party. Accordingly, appellant may not assert this issue for the first time on appeal. See Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220 (It is axiomatic that issues not properly presented to the trial court for consideration may not be considered on appeal.). Appellant's fifth assignment of error is therefore not-well taken.
Although appellant set forth a third assignment of error in his appellate brief, he has failed to argue such assignment of error separately. For that reason, and upon consideration of the entire record in this case, appellant's third assignment of error is found not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J._____ _______________________________ JUDGE
Richard W. Knepper, J.______ _______________________________ JUDGE
Mark L. Pietrykowski, J.____ _______________________________ JUDGE CONCUR.