PAUGH & FARMER, INC., APPELLEE, *v.* MENORAH HOME FOR
JEWISH AGED, APPELLANT.

[Cite as Paugh & Farmer, Inc. *v.* Menorah Home for Jewish Aged (1984),
15 Ohio St. 3d 44.]

(No. 83-1952—Decided December 28, 1984.)

*Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A.,* and *Mr. Jerome S. Kalur,* for appellee.

*Kahn, Kleinman, Yanowitz & Arnson Co., L.P.A.,* and *Mr. Michael H. Diamant,* for appellant.

*Per Curiam.* The issues presented in this appeal are whether the trial court abused its discretion in excluding the expert testimony of Roy A. Walter, and whether appellee is entitled to its costs incurred during the six-month compromise period over and above the contract price. This court concludes that the trial court did not abuse its discretion in excluding the expert testimony, but that appellee was not entitled to the compromise period costs not included in the contract price. We thus affirm as to the first issue, and reverse on the second issue.

## I

In *Jones* v. *Murphy* (1984), 12 Ohio St. 3d 84, this court recently addressed the question of whether the trial judge has discretion under the Rules of Civil Procedure to exclude expert testimony when the party calling such expert has failed to name him by supplementing his responses to interrogatories served by the opposing party. In answering that issue in the affirmative, we stated the following at 86:

"One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries."

The *Jones* ruling was based upon specific state Rules of Civil Procedure dealing with discovery. The reasoning in *Jones* is no less compelling in the instant case, in which Rule 21 of the Cuyahoga County Local Rules of Court, dealing with pretrial procedure, applies. Rule 21 reads, in pertinent part:

"A pretrial conference shall be conducted in all civil cases prior to being scheduled for trial * * *. [T]he judge assigned the case may * * * make such orders he deems just relative to discovery or pretrial proceedings.

"* * *

"Part I. Pretrial Statements

"* * *

"(B) * * * [E]ach counsel shall exchange with all other counsel the written reports of medical and expert witnesses he expects to testify * * *.

"(C) Expert witnesses whose reports have not been furnished to opposing counsel prior to a pretrial held within sixty (60) days before trial, will not be permitted to testify at the trial * * *."

Under this rule, the trial court had discretion to set a deadline by

which expert reports had to be filed, and to enforce its order by excluding all testimony relating to reports filed past the deadline. The trial was originally scheduled for May 11, 1981; reports by experts were to be filed by April 15, which was *after* the final pretrial of March 16. Appellant thus had actual notice of the deadline well in advance.[1] The subsequent postponement of the trial date did not lead to a reasonable presumption that the *filing* deadline was extended as well. Appellant had the burden of securing such an extension if it desired one. The record does reflect appellant's filing of a motion to extend the deadline, but appellant had no basis to assume that the motion had been granted.[2]

We thus hold, pursuant to Rule 21 of the Cuyahoga County Local Rules of Court, that the trial judge did not abuse his discretion in excluding the testimony of appellant's expert.

## II

We must next consider whether appellee is entitled to recovery for funds expended during the six-month compromise period over and above the contract price. The court of appeals below found a basis for such recovery upon the basis of a contract implied-in-law.

A quasi-contract is a contract implied so as to prevent injustice. *Rice* v. *Wheeling Dollar Sav. & Trust Co.* (1951), 155 Ohio St. 391 [44 O.O. 374]; *Hummel* v. *Hummel* (1938), 133 Ohio St. 520 [11 O.O. 221]. It is a legal fiction that does not rest upon the intention of the parties, but rather on equitable principles in order to provide a remedy. The two remedies most often associated with quasi-contracts are restitution and quantum meruit. Each of these remedies presupposes some type of *unjust enrichment* of the opposing party. *Keco Industries* v. *Cincinnati & Suburban Bell Tel. Co.* (1957), 166 Ohio St. 254 [2 O.O.2d 85]; *Rice, supra; Hummel, supra.*

In the case at bar, there is no evidence of unjust enrichment on appellant's part. The record reflects that appellee had *no expectation of payment* for expenses incurred relating to repairs during the compromise period. Appellant has not been allowed to profit or enrich itself inequitably at appellee's expense; the parties contractually agreed that the subsequent repair costs would be borne by appellee. Appellee cannot now recover costs that it originally agreed to bear. Appellee has been fully compensated for appellant's breach of contract by virtue of interest accrued on the contract judgment from May 16, 1980, the date of breach. It is not entitled to further recovery. *Columbus, H. Valley & T. RR. Co.* v. *Gaffney* (1901), 65 Ohio St. 104.

Accordingly, the judgment of the court of appeals is affirmed as to the

---

[1] Thus, appellant's failure to meet the deadline falls within the "willful noncompliance" standard of exclusion set forth in *Nickey* v. *Brown* (1982), 7 Ohio App. 3d 32, and *Cucciolillo* v. *East Ohio Gas Co.* (1980), 4 Ohio App. 3d 36. Appellant's citation of these two cases as support for its case is without merit.

[2] This motion was never ruled upon by the trial court.

first issue and reversed as to the second issue, and the cause is remanded to the trial court with instructions to comply with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, C. BROWN and J. P. CELEBREZZE, JJ., concur in part and dissent in part.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. It was prejudicial error for the trial court to bar the testimony of appellant's expert because his report had not been submitted prior to the deadline that had expired before the granting of a continuance, where opposing counsel had received the report one week prior to trial, but made no attempt to depose the witness and did not object to his testimony before the trial. Appellant had moved the court to extend the deadline for filing expert reports, which motion the court never ruled upon, but appellant asserts that the sole reason for the continuance of the trial date was to obtain additional experts. Moreover, the motion to extend the report deadline was unopposed. Therefore, appellant was entitled to rely on its right to submit post-deadline reports.

The extreme sanction of excluding expert testimony is not justified when the party against whom the sanction is levied has not acted in bad faith, and where opposing counsel has not asked for a recess or continuance in order to depose the expert. The exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to punish willful noncompliance or to prevent unfair surprise. See *Cucciolillo* v. *East Ohio Gas Co.* (1980), 4 Ohio App. 3d 36, and *Nickey* v. *Brown* (1982), 7 Ohio App. 3d 32.

The exclusion of this expert testimony by the trial court was a gross abuse of discretion. The purpose of a trial is to present all the evidence to the trier of fact so that he may properly adjudicate the issues and reach a just result by applying the substantive law to the facts, that is, decide the case on its merits. The exclusion during trial of expert testimony, which was unopposed before trial, completely frustrated this purpose. See my dissent in *Jones* v. *Murphy* (1984), 12 Ohio St. 3d 84, 86, for further discussion of this same subject.

Therefore, I dissent as to Part I of the court's opinion and would reverse the judgment of the court of appeals as to that issue. I concur as to the remaining portion of the court's opinion.

W. BROWN and J. P. CELEBREZZE, JJ., concur in the foregoing opinion.