MILLER, Exr., et al., Appellants and Cross–Appellees,

v.

MARROCCO, Appellee and Cross–Appellant.

[Cite as *Miller v. Marrocco* (1989), 63 Ohio App.3d 293.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–880141, C–880148.

Decided June 14, 1989.

*Strauss & Troy* and *Charles G. Atkins,* for Gordon B. Miller, Jr., individually and as executor of the estate of Elizabeth R. Miller, Jennifer Metzger, Lauren Barrett, Lisa Condon, Vanetta G. Rumsfield, and Patricia Heaton, appellants and cross-appellees.

*Lindhorst & Dreidame* and *Leo J. Breslin,* for appellee and cross-appellant.

*Per Curiam.*

The decedent, Elizabeth R. Miller, filed an action against the defendant-appellee, Peter A. Marrocco, M.D. ("defendant"), for medical malpractice. Following her death, her husband, Gordon B. Miller, Jr., was substituted as the plaintiff in the case. Gordon and his children ("plaintiffs") filed an amended complaint to include a wrongful-death claim against the defendant. An arbitration panel awarded the plaintiffs $200,000 for the personal-injury claim and $250,000 for the wrongful-death claim. The defendant appealed the arbitrator's decision, and a jury returned a verdict for the defendant. The plaintiffs' motions for judgment n.o.v. and a new trial were denied.

The plaintiffs and the defendant appealed to this court. These appeals were consolidated for argument and resolution in one decision. For the reasons expressed below, we reverse the judgment of the trial court and remand this case for a new trial.

On July 12, 1979, Elizabeth was examined by the defendant for complaints of general fatigue and discomfort. The defendant conducted several diagnostic tests, including a chest X-ray. He informed Elizabeth that the tests were negative and that he found nothing physically wrong with her. The defendant, however, now admits that the X-ray evidenced a lesion on Elizabeth's left lung, and that he incorrectly read the X-ray as negative in 1979.

Elizabeth continued to be treated by the defendant with complaints of fever, extreme fatigue, discomfort in her chest and difficulty breathing while lying down. A chest X-ray taken on July 29, 1980, revealed a pleural effusion in Elizabeth's left lung capacity. Fluid was drained from her lung. Further X-rays indicated that the lesion overlooked in 1979 had grown considerably in size during the year, and that several smaller lesions were now present in the left lung. Elizabeth was diagnosed as having inoperable lung cancer. Eight months later, she died.

 We first address the defendant's assignments of error. He argues in his first assignment that the trial court improperly instructed the jury that his stipulation of liability involved an admission of negligence which proximately

caused personal injury to the plaintiffs and death to the decedent. We find no error in this instruction.

On December 30, 1986, the trial court filed an entry stating that the liability of the defendant had been offered for stipulation by the defendant, and that the offer of stipulation had been accepted by the plaintiffs. Therefore, the cause was to proceed against the defendant on the sole issue of damages.

To maintain a wrongful-death action on a theory of negligence, a plaintiff must generally show (1) the existence of a duty owing to plaintiff's decedent, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death. *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 529 N.E.2d 449; *Bennison v. Stillpass Transit Co.* (1966), 5 Ohio St.2d 122, 34 O.O.2d 254, 214 N.E.2d 213. The same three elements must usually be shown to establish a negligence action generally, including a survivorship action predicated upon ordinary negligence or medical malpractice. *Littleton, supra.* Once these elements of negligence are established, the defendant is held liable for the damages proximately caused to the plaintiff.

In this case, the defendant admitted, by stipulation, his liability. We find that, through this stipulation, the defendant admitted that he owed a duty to the plaintiffs, that he breached that duty, and that that breach of duty proximately caused some injury to the plaintiffs and the decedent's death. We, therefore, find that the trial court properly instructed the jury on the meaning of the defendant's stipulation. The defendant's first assignment of error is overruled.

In his second assignment of error, the defendant maintains that the trial court erred in refusing to permit the testimony of his expert witness, Dr. Carol Milburn. We agree.

Rule 15 of the Hamilton County Local Rules of Court, dealing with pretrial conferences and procedures, provides that a pretrial statement must be filed with the trial court outlining the expected testimony of witnesses and attaching copies of available opinions of all persons who may be called as expert witnesses. One of the purposes of pretrial rules is to eliminate surprise at trial. *Paugh & Farmer, Inc. v. Menorah Home for Jewish Aged* (1984), 15 Ohio St.3d 44, 15 OBR 142, 472 N.E.2d 704.

In his pretrial statement, the defendant listed himself as the only witness to be called to testify as an expert. He failed to include Dr. Milburn in the pretrial statement. However, Dr. Milburn's deposition had previously been taken and filed and, therefore, the plaintiffs were informed of her opinion and testimony. We find that the trial court abused its discretion in

precluding Dr. Milburn's testimony even though she was not listed as an expert witness on the pretrial statement. There is no evidence of bad faith on the part of the defendant, the plaintiffs had previously deposed the witness, and the witness's testimony would not have affected the presentation of the plaintiffs' case. We do not find that the plaintiffs would have been unfairly surprised or prejudiced by allowing Dr. Milburn's testimony. We, therefore, sustain the defendant's second assignment of error.

In their first assignment of error, the plaintiffs contend that the trial court erred in denying their motion for a new trial since the verdict for the defendant was against the manifest weight of the evidence. In reviewing a claim that the verdict is against the weight of the evidence, an appellate court reviews the entire record to determine whether the judgment is supported by some competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The defendant herein stipulated that he breached a duty that he owed to the plaintiffs and that the breach proximately caused personal injury to the plaintiffs and death to the decedent. At trial, the defendant testified that, in his opinion, Elizabeth had incurable lung cancer in July 1979, when he first misread the X-ray of her chest. He further testified that she would have died in a few years even if he had read the X-ray correctly and operated on her in 1979. The defendant, however, admitted that his negligence accelerated Elizabeth's death.

Drs. Benjamin Felson and Clifton Mountain testified on behalf of the plaintiffs that Elizabeth's cancer was operable and curable in July 1979. The decedent, her husband and her children testified regarding their pain and suffering during Elizabeth's demise and following her death. In addition, medical bills and burial expenses were submitted into evidence.

■ Damages flowing from a life shortened by a physician's negligence are compensable. See *Taylor v. C. Lawrence Decker, M.D., Inc.* (1986), 33 Ohio App.3d 118, 514 N.E.2d 754. The evidence presented at trial, combined with the defendant's stipulation of liability, establishes that the defendant, by his negligence, at least accelerated Elizabeth's death and caused some injury to the plaintiffs. We can, therefore, find no competent evidence to support the judgment of the trial court that the defendant is not liable for any of the damages suffered by the plaintiffs. Accordingly, the judgment of the trial court is against the manifest weight of the evidence, and it was error for the trial court to deny the plaintiffs' motion for a new trial. The plaintiffs' first assignment of error is sustained.

■ The plaintiffs' second assignment of error alleges that the trial court improperly submitted conflicting verdict forms to the jury. The verdict forms permitted the jury to determine whether the defendant was liable after he had stipulated his liability. Although the plaintiffs failed to object to the verdict forms at trial, we find that the submission of these forms to the jury constitutes plain error since it had a material adverse affect on the proceedings below. See *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001. To prevent a manifest miscarriage of justice, we sustain the second assignment of error raised by the plaintiffs. See *Schade, supra.*

The plaintiffs, in their next assignment of error, maintain that the trial court improperly allowed the defendant to testify that the decedent's death was caused by factors other than his negligence. We do not agree.

■ The defendant's stipulation admits that his negligence proximately caused injury and death. However, the defendant did not stipulate that all of the damages alleged by the plaintiffs were proximately caused by his negligence. The defendant was properly permitted to present evidence in mitigation of damages tending to prove that the decedent would have lived only a short time had her death not been accelerated by the wrongful act. See *Larrissey v. Norwalk Truck Lines, Inc.* (1951), 155 Ohio St. 207, 44 O.O. 238, 98 N.E.2d 419; *Taylor, supra.* The plaintiffs' third assignment of error is without merit.

■ In their next assignment of error, the plaintiffs contend that the trial court committed error by not instructing the jury regarding the defendant's stipulation when the jury expressed confusion on that issue. The trial court charged the jury on Tuesday, and then dismissed them for the night. On Wednesday, the jury returned and started deliberations. The jury then approached the court and requested a definition of "wrongful death" and "personal injury," and direction on which claim included the children. The trial judge described the two claims and informed the jury that the children were involved in the wrongful-death claim.

The plaintiffs had requested the court to reiterate its instructions regarding the defendant's stipulation of liability when it addressed the jury on Wednesday. The trial court refused to repeat those instructions in response to the inquiry of the jury.

We do not find that the trial court abused its discretion in limiting its rereading of the jury instructions to those necessary to answer the jury's questions. We, therefore, find no merit in the plaintiffs' fourth assignment of error.

In their last assignment of error, the plaintiffs argue that the trial court improperly denied their motion *in limine* and allowed evidence of Gordon's remarriage. We find no error in the trial court's decision to permit testimony on this issue.

R.C. 2125.02, as amended February 5, 1982, permits recovery for loss of support, loss of services, and loss of society including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by reason of a wrongful death. The trial court permitted the defendant to introduce evidence of Gordon's remarriage for the limited purpose of showing a mitigation of losses such as companionship. We find that this evidence was properly admitted.[1]

For the reasons expressed above, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., DOAN and KLUSMEIER, JJ., concur.

---

1. The plaintiffs cite *Davis v. Guarnieri* (1887), 45 Ohio St. 470, 15 N.E. 350, for their proposition that evidence of remarriage may not be introduced in a wrongful-death case to mitigate damages. *Davis,* however, relied upon the statutes in effect at that time which limited recovery in a wrongful-death claim to pecuniary injury resulting from the death.