OPINION
Plaintiffs-appellants Kenneth Cox and the Health Care Financing Administration ("HCFA") appeal from a judgment rendered in favor of defendant-appellee Greene Memorial Hospital, Inc. Appellants argue that the trial court erred by excluding the testimony of their expert witnesses as a discovery sanction for their failure to disclose the expert's names and addresses by the deadline set forth in the trial court's final pretrial order, and by refusing to compel defendant-appellee Greene Memorial Hospital to comply with their discovery requests to provide for their inspection of a Posey restraint vest of the size and type used on Cox during his stay at the hospital, and a copy of the instructions for the vest.
We conclude that the trial court did not abuse its discretion by excluding the testimony of appellants' experts with respect to plaintiff-appellant Cox, since Cox had ample opportunity to comply with the deadline for disclosing his expert witnesses established by the trial court's final pretrial order. We also conclude, however, that the trial court did abuse its discretion by not giving HCFA additional time to disclose the names and addresses of any expert witnesses that it wished to use at trial, since HCFA was joined as a party-plaintiff in the action after the deadline for disclosing expert witnesses had expired. We further conclude that the trial court did not abuse its discretion by overruling appellants' motion to compel. Accordingly, the judgment of the trial court is Affirmed with respect to plaintiff-appellant Cox, butReversed with respect to plaintiff-appellant HCFA, and the cause isRemanded for proceedings consistent with this opinion.
 I
In December, 1996, Cox sustained injuries after twice falling out of his bed while a patient at Greene Memorial Hospital. In January, 1997, Cox filed a medical malpractice action, alleging that Greene Memorial Hospital had failed to properly monitor and restrain him, and that as a result of the hospital's negligence, he had incurred over $11,000 in medical bills. After the case had been continued once at Cox's request, Cox voluntarily dismissed his complaint without prejudice shortly before the scheduled trial date.
On May 5, 1998, Cox re-filed his complaint against Greene Memorial Hospital. On September 8, 1998, the trial court issued a final pretrial order, scheduling a jury trial for March 15, 1999, and requiring the parties to furnish opposing counsel with the names and addresses of all expert witnesses by February 4, 1999.
On March 10, 1999, Cox moved for a continuance of the March 15th trial date. The trial court granted Cox's motion and issued another final pretrial order, continuing the trial until June 14, 1999, and setting a deadline for the disclosure of expert witnesses at February 27, 1999.
On March 30, 1999, Greene Memorial Hospital moved for an order inlimine prohibiting Cox from "referring to or otherwise claiming as damages" any medical expenses paid through the Medicare program, which is administered by the Health Care Financing Administration ("HCFA"), an agency of the United States Department of Health and Human Services. Alternatively, the hospital sought to have HCFA joined in the action as a party-plaintiff to prosecute its subrogation claim, or to have Cox's complaint dismissed for failure to join a party necessary and indispensable to the action. Cox replied to the hospital's motion by requesting that the trial court issue an order joining HCFA as a party-plaintiff.
On May 20, 1999, Cox moved for a continuance of the June 14th trial date on the grounds that the trial court had not yet ruled on the hospital's motion. On May 21, 1999, the trial court issued an entry ordering Cox to join HCFA as a party to the action, pursuant to Civ.R. 19(A). On June 2, 1999, Cox re-filed his complaint, adding HCFA as a plaintiff. On June 21, 1999, Greene Memorial filed an answer to the re-filed complaint. The same counsel represented both Cox and HCFA. On June 25, 1999, the trial court issued a final pretrial order, rescheduling the trial for August 30, 1999, and setting the deadline for the disclosure of expert witnesses at May 5, 1999.
On June 14, 1999, Cox filed his "Disclosure of Expert Witnesses." Cox provided the names and addresses of five witnesses he intended to call as experts, which included his two treating physicians and his chiropractor. Cox also provided the last name but not the first name or address of a sixth witness he intended to call as an expert. Cox also indicated his desire to call a "[r]epresentative from the JT Posey Company" as an expert witness on his behalf, but failed to name a specific person from the company who would testify on his behalf.
On July 1, 1999, Greene Memorial Hospital moved to exclude the testimony of the expert witnesses disclosed by Cox on the grounds that Cox had failed to disclose them by May 5, 1999, the deadline for disclosure of expert witnesses; that the disclosure was incomplete insofar as it failed to give the full name and address of one witness, and failed to give the name of another; and that the hospital had been prejudiced by the untimely disclosure since it would not be able to depose all of the expert witnesses identified by Cox before trial. In response, Cox argued that it was impossible for him to comply with the May 5, 1999 deadline for disclosing expert witnesses, since the deadline had already passed before the June 25, 1999 order was issued. Cox also argued that it was unnecessary for him to disclose the names of his two treating physicians and chiropractor, because they were merely "ordinary witnesses" not subject to disclosure as experts.
On August 2, 1999, the trial court issued a judgment entry granting Greene Memorial's motion in limine to exclude Cox's expert witnesses. Cox and HCFA moved for reconsideration of the August 2nd decision on the basis that an additional party, HCFA, had been added to the action, and the trial court's final pretrial order gave HCFA no opportunity to name expert witnesses. The trial court overruled Cox's motion for reconsideration on August 25, 1999.
On August 9, 1999, Cox moved the trial court for an order compelling Greene Memorial Hospital to produce, among other things, a Posey vest restraint of the size and type used on him, as well as the instructions for the vest. On September 8, 1999, the trial court issued an entry and order, overruling Cox's motion to compel on the grounds that the hospital was not obligated to provide plaintiffs with a Posey vest and that the hospital did not have the instructions to the Posey vest. The trial court declared its September 8, 1999 order, as well as its previous August 25, 1999 order denying Cox's motion for reconsideration, to be final appealable orders.
Cox appealed the trial court's orders to this court. On March 10, 2000, this court dismissed Cox's appeal for lack of a final appealable order. Following a suggestion made by this court, Cox filed a stipulation with the trial court stating that he could not prove his case without the expert witnesses whose testimony had been excluded, and without the discovery material that the trial court refused to compel Greene Memorial Hospital to produce. On May 16, 2000, the trial court issued a judgment entry accepting Cox's stipulation and entering judgment in favor of Greene Memorial Hospital. The trial court noted in the May 16th judgment entry that Greene Memorial Hospital had withdrawn its objection to the testimony of Cox's treating physicians.
Cox and HCFA appeal from the trial court's May 16th judgment entry.
 II
Appellants' Second Assignment of Error states:
 THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF KENNETH COX'S TREATING PHYSICIANS COULD NOT TESTIFY AT TRIAL.
Both sides agree that because Greene Memorial Hospital has withdrawn its objection to the testimony of Cox's treating physicians this assignment of error has been rendered moot.
Accordingly, appellants' Second Assignment of Error is overruled.
 III
Appellants' First Assignment of Error states:
 THE TRIAL COURT ERRED IN ITS AUGUST 2, 1999 JUDGMENT ENTRY AND SEPTEMBER 8, 1999 ENTRY AND ORDER EXCLUDING THE PLAINTIFFS' EXPERT WITNESSES AS A SANCTION FOR ALLEGED VIOLATIONS OF THE COURT'S PRETRIAL ORDERS.
The trial court has discretion to set a deadline by which the parties have to disclose their expert witnesses, and to enforce its order by excluding all testimony from experts not disclosed by the deadline. SeePaugh Farmer, Inc. v. Menorah Home for Jewish Aged (1984),15 Ohio St.3d 44, 45-46, and Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 84-85. "[T]he existence and effect of prejudice resulting from noncompliance with the disclosure rules is of primary concern[.]" Id., at 85.
Cox argues that the trial court abused its discretion by excluding his expert witnesses as a sanction for his failure to comply with the May 5, 1999 deadline for disclosure of expert witnesses because: (1) it was impossible for him to comply with the deadline, since it had already expired by the time the pre-trial order establishing the deadline had been issued; and (2) Greene Memorial was not prejudiced by his failure to comply with the deadline. We find Cox's arguments unpersuasive.
In oral arguments held during the previous occasion this case came before us, Cox acknowledged that it would have been within the trial court's discretion to continue the trial date without also continuing the deadline for disclosing expert witnesses. This is essentially what the trial court did when it issued the June 25, 1999 final pretrial order, which continued the June 14, 1999 trial date to August 30, 1999, but which set the deadline for disclosing expert witnesses at May 5, 1999, a date that had already passed by the time the order had been issued.
While Cox requested a continuance of the trial date on several occasions, he never requested a continuance of the deadline for disclosing expert witnesses or any other discovery deadline. Those deadlines were essentially continued as a result of the trial court's use of a pre-printed standard form when issuing pretrial orders. For instance, the June 25th pretrial order did not actually list May 5, 1999 as the deadline for disclosing expert witnesses, but instead, listed the new trial date as August 30, 1999, and the new pretrial conference date as August 5, 1999. It then set a discovery deadline for 30 days prior to the pretrial conference, and a deadline for disclosure of expert witnesses of two months before the discovery deadline. When Cox moved for a continuance of the June 14th trial date, Cox did not request additional time for disclosing the names and addresses of his expert witnesses.
Furthermore, Cox had ample time to disclose any expert witnesses he wished to use at trial. Cox originally filed his action in January, 1997. He re-filed his action on May 5, 1998. The September 8, 1998 pretrial order set a deadline for disclosing expert witnesses at February 4, 1999, which was later extended until February 27, 1999, before finally being extended to May 5, 1999. Additionally, when Cox moved for a continuance of the original March 15, 1999 trial date on March 10, 1999, Cox had not even filed a disclosure of expert witnesses by that late date, but nevertheless appeared to be ready to proceed to trial at that time without using expert witnesses.
We also reject Cox's assertion that Greene Memorial Hospital was not prejudiced by his untimely disclosure of his expert witnesses. Counsel for Greene Memorial Hospital represented that she would be in trial for five of the ten weeks remaining before trial, and, therefore, would not have enough time to depose the seven expert witnesses named by Cox. Cox argues that several of those witnesses are his treating physicians, who will not be asked to give expert opinions, but only testify to his injuries, treatment, and prognosis. However, even when Cox's two treating physicians and chiropractor are not considered, that would still leave four witnesses left to be deposed. Of the remaining expert witnesses, one of the witness' address was not given, and another's name was not provided. Additionally, the June 25th pretrial order required the parties to deliver to opposing counsel a copy of any deposition to be used at trial four weeks prior to the August 5, 1999 pretrial conference. Therefore, Greene Memorial Hospital did not actually have all ten weeks before trial to depose these witnesses.
In light of the foregoing, we cannot say that the trial court abused its discretion by excluding the testimony of Cox's expert witnesses as a sanction for Cox's failure to have disclosed their names and addresses in a timely fashion.
Cox's First Assignment of Error is overruled.
 IV
Appellants' Third Assignment of Error states:
 THE TRIAL COURT ERRED IN NOT ALLOWING PLAINTIFF HEALTH CARE FINANCE ADMINISTRATION (HCFA) TO FULLY PARTICIPATE IN THE LITIGATION, BY NOT PERMITTING HCFA TO FILE WITNESS DISCLOSURES., Appellants' argue that the trial court erred by holding that HCFA was not prejudiced by application of the May 5, 1999 deadline for disclosing expert witnesses which expired before HCFA was joined as a party on May 21, 1999, because HCFA did not need to file a pretrial statement or disclose its expert witnesses, since it was joined as a party to the action merely to protect its subrogation rights with respect to any Medicare benefits it paid to Cox. We agree.
Greene Memorial Hospital asserts that because HCFA was joined solely due to its subrogation interests, it had no need nor right to file an expert witness disclosure. However, Greene Memorial Hospital has cited no authority for its proposition that HCFA had no "right" to file an expert witness disclosure, and we have found none.
The doctrine of subrogation refers to "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Black's Law Dictionary (6 Ed. 1990) 1427. The person who succeeds to the rights of another by subrogation is known as the "subrogee." Id. Subrogees "generally have the right to step into the shoes of the party whom they compensate and sue any party whom the compensated party could have sued." Id.
Because HCFA was joined to the action, HCFA was permitted to call expert witnesses to establish its subrogation claim. While parties in HCFA's position generally will not need to file disclosures of expert witnesses or other discovery documents, they will need to do so when the party to whose rights they have become subrogated has failed to take the necessary steps to call expert witnesses on their own behalf.
Here, HCFA will need to call expert witnesses to establish its rights to subrogation, now that Cox has lost the opportunity to call expert witnesses on his behalf. Accordingly, the trial court was obligated to provide HCFA with a reasonable deadline for disclosing its expert witnesses. The trial court's failure to do so constituted an abuse of discretion, since it deprived HCFA of the due process right of calling witnesses needed to establish its case. We emphasize that the trial court's error relates to its depriving HCFA, alone, of an opportunity to develop its proof. The trial court was within its discretion to exclude any expert witnesses from testifying on Cox's behalf.
Accordingly, Appellants' Third Assignment of Error is sustained to the extent indicated.
 V
Appellants' Fourth Assignment of Error states:
 THE TRIAL COURT ERRED IN ITS SEPTEMBER 8, 1999 ENTRY AND ORDER OVERRULING THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY., Appellants argue that the trial court abused its discretion by refusing to compel Greene Memorial Hospital to: (1) produce for their inspection a Posey restraint vest of the size and type used on Cox while he was a patient at the hospital; and (2) provide them with a copy of the instructions for the vest. The trial court found that the hospital was under no obligation to provide a Posey restraint vest to plaintiffs. The trial court further found that the hospital did not have instructions for the Posey vest, and, therefore, could not be made to "furnish what it did not possess. "
However, pursuant to Civ.R. 34(A)(1) and (2), "any party may compel another party to permit him or someone acting on his behalf to inspect and copy any designated documents and to inspect, copy, test, or sample any tangible things in the possession, custody or control of the party upon whom the request is served." McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 278, Section 10.46. (Emphasis added.) Furthermore, counsel for Greene Memorial Hospital did not state at the hearing held on the motion to compel that the hospital did not possess instructions for the Posey vests it is currently using. Instead, she represented that the hospital no longer possessed instructions for the type of Posey vests that the hospital was using in 1994, presumably having meant to say, in 1996, the year in which Cox allegedly sustained his injuries at the hospital.
Nevertheless, it appears that the hospital is no longer using the same type of Posey vest that it used on Cox when he was a patient under its care, but instead, is using a later-model Posey restraint vest. Furthermore, it is not surprising that the hospital would no longer have the instructions for the Posey vests it was using in 1996. As the trial court observed, the hospital cannot be compelled to furnish something that it does not possess. Consequently, the trial court did not abuse its discretion in overruling appellants' motion to compel.
It should be added, however, that counsel for Greene Memorial Hospital did offer to make one of the hospital's Posey vests available for appellants to inspect. It is not apparent how much help it will be to HCFA to have an opportunity to inspect the type of Posey vest currently in the hospital's possession. The record indicates that appellants have purchased their own Posey vest, and counsel for Greene Memorial Hospital indicated at the hearing held on the motion to compel that there were not significant differences between that vest and the one used on Cox, and that, in any event, neither party's case rested on the differences.
Nevertheless, a party is entitled to obtain discovery with respect to any matter not privileged that is relevant to the issues involved in the case; furthermore, the scope of examination is very broad and should not be restricted unless the information sought is clearly irrelevant or privileged. McCormac, supra, 239, Section 10.04. The opportunity to inspect the Posey restraint vest that the hospital currently uses, along with the vest's instructions may be of some use to HCFA in preparing its case. Consequently, on remand, Greene Memorial Hospital is advised to honor its offer to make one of the Posey vests that it currently uses available for HCFA to inspect, at some mutually convenient time or times, if HCFA still wishes to do so, as well as a copy of any instructions the hospital possesses regarding its Posey vests. If the hospital fails to make these materials available to HCFA voluntarily, then the trial court should order the hospital to do so., Appellants' Fourth Assignment of Error is overruled.
 VI
Appellants' First, Second, and Fourth Assignments of Error having been overruled, but Appellant's Third Assignment of Error having been sustained to the extent indicated, the judgment of the trial court isAffirmed with respect to plaintiff-appellant Cox, but Reversed with respect to plaintiff-appellant HCFA, and this cause is Remanded for further proceedings consistent with this opinion.
 __________________________ FAIN, J.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).