DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Adams County Court, Small Claims Division. Plaintiff-Appellant Kevin Hesler filed a complaint against Defendant-Appellee John Skinner to recover the value of work appellant performed on a rental house owned by appellee. Appellee filed a counterclaim alleging intentional property damage and conversion of personal property by appellant. The trial court entered judgment against appellant on his complaint. The court also entered judgment in favor of appellee on his counterclaim and ordered appellant to pay appellee $1,000 in damages.
Appellant argues that the trial court's judgment is against the manifest weight of the evidence. We disagree because the judgment is supported by competent, credible evidence. Accordingly, we affirm the judgment of the trial court.
STATEMENT OF THE CASE
In late February 1999, appellant and Tonya Roush, appellee's daughter, moved into a house owned by appellee in Winchester, Adams County, Ohio. At the time that they moved into the house, appellant and Ms. Roush had been dating for over a year. Although appellee held the property as a rental house, appellant and Ms. Roush were not paying rent when they moved in.
Upon moving in, appellant began performing some repairs on the house. When appellee offered to pay appellant for the repair work, appellant responded that he was willing to perform the work in exchange for one year of free rent. Appellee responded that the offer "sounded reasonable." Appellant contends that this exchange concluded an oral contract between the parties. Appellee, on the other hand, contends that he told appellant he would think about the offer, but that the two never entered into a contract.
Thereafter, appellant continued renovating the rental house with materials paid for by appellee. The labor contributed by appellant included removing a large amount of trash, carpeting, and old furniture from the house. In one bedroom, appellant replaced the floor joists, removed the plaster from the walls and ceiling, and replaced a window. In the living room, appellant removed the plaster from the walls and ceiling and put up drywall throughout most of the room. Appellant also replaced the insulation in both rooms, but he did not put up drywall in the bedroom.
On April 1, 1999, an altercation occurred between appellant and Ms. Roush, which led to Ms. Roush filing a domestic violence complaint against appellant. On April 8, 1999, the Adams County Court of Common Pleas, Domestic Relations Division, issued a temporary protection order ("TPO") against appellant, which prohibited him from entering the rental house. Appellant and Ms. Roush eventually reconciled, and the TPO was lifted on June 16, 1999. By that time, however, Ms. Roush had vacated the rental house and a new tenant had moved in. Appellant neither resided in the house nor performed any work there after the April 1 altercation.
On June 4, 1999, appellant filed a complaint against appellee in the Adams County Court, Small Claims Division, seeking $2,600 for the work that he had performed on the rental house during the time that he resided there.
On June 9, 1999, appellee filed an answer to appellant's complaint as well as a counterclaim seeking damages from appellant. The counterclaim alleged that appellant converted materials purchased for the rental house to his own use. The counterclaim further alleged that appellant intentionally damaged the rental house during the April 1 altercation with Ms. Roush.
The trial court held a bench trial on July 19, 1999, with both parties appearing pro se. On August 30, 1999, the trial court filed a judgment entry, finding against appellant on his complaint and in favor of appellee on his counterclaim. The court entered judgment in favor of appellee in the amount of $1,000.
Appellant filed a timely notice of appeal and presents two assignments of error for our review.
ASSIGNMENT OF ERROR NO I:
 THE TRIAL COURT'S FINDINGS THAT THE APPELLANT WAS NOT DUE COMPENSATION FOR WORK AND REPAIRS DONE BY HIM TO THE HOME, WERE ERRONEOUS AND UNSUPPORTED BY AND/OR CONTRARY TO THE WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT'S FINDINGS THAT THE APPELLANT OWES THE APPELLEE $1000.00 IS [SIC] ERRONEOUS AND UNSUPPORTED OR CONTRARY TO THE WEIGHT OF THE EVIDENCE, FURTHER THE AMOUNT SET FORTH BY THE COURT IS ARBITRARY AND CAPRICIOUS.
STANDARD OF REVIEW
Both of appellant's assignments of error allege that the trial court's judgment is against the manifest weight of the evidence. In a civil case, a judgment that is supported by competent, credible evidence going to all of the essential elements of the case will not be reversed as being against the manifest weight of the evidence. See C.E. Morris Co.v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. "This standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal." Barkleyv. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 689, 692.
 OPINION I.
In his First Assignment of Error, appellant argues that the trial court's judgment on his complaint is against the manifest weight of the evidence. According to appellant, the evidence establishes that he and appellee entered into an oral contract under which appellant would work on the rental house in exchange for one year's free rent. Although the issuance of the TPO prevented the completion of performance of this purported contract, appellant contends that he substantially improved the condition of the rental property of appellee without being compensated for his efforts. Therefore, he argues that he is entitled to payment for the reasonable value of his services under the doctrine of quantummeruit.
Quantum meruit is an equitable doctrine based on unjust enrichment. Under quantum meruit, a party may recover the reasonable value of services rendered in the absence of an express contract if denying such recovery would unjustly enrich the opposing party. See Legros v. Tarr
(1989), 44 Ohio St.3d 1, 540 N.E.2d 257.
We note that appellant's argument that he and appellee entered into an oral contract is inconsistent with his claim for relief under quantummeruit. Ordinarily, the existence of an express contract between the parties bars recovery under quantum meruit.[1] See Pauh Farmer, Inc.v. Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44, 46,472 N.E.2d 704, 706. Thus, if the parties entered into an express oral contract, appellant would not be entitled to relief under quantum meruit
as a matter of law. Nor would appellant be able to recover under a breach of contract theory as he presented no evidence at trial of a breach by appellee.
If the parties did not enter into an express oral contract, however, appellant did not prove that he is entitled to recover under quantummeruit. Appellant presented no evidence regarding the value of his labor in renovating the appellee's rental house. Nor did appellant present any evidence regarding the fair rental value of the house, even though he resided there for at least five weeks without paying rent. The trial court, which was in a better position than this court to evaluate the evidence, could reasonably have concluded that five weeks of free rent was adequate compensation for the work that appellant performed.
We find the trial court's judgment on appellant's complaint to be supported by competent, credible evidence. Accordingly, appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant argues that the trial court's judgment on appellee's counterclaim is against the manifest weight of the evidence. Appellee's counterclaim alleged that appellant intentionally damaged the rental property. The counterclaim further alleged that appellee paid for certain building materials that appellant converted to his own use. The trial court awarded appellee $1,000 in damages on his counterclaim against appellant.
Appellant argues that the trial court's judgment is arbitrary and capricious. He contends that any award of damages that is based on the condition of the rental house when he vacated the premises must take into account the improvements that he made while residing there. Appellant concedes that appellee gave him $1,050 for building materials, but he contends that he spent a total of $1067.68 on supplies. Finally, appellant argues that he is not responsible for water and gas bills that appellee attempted to collect at trial.
Appellee's counterclaim included a claim for intentional damage to the rental property. Appellee presented evidence that appellant punched holes in several walls, damaged storm doors, and damaged a telephone utility box during his altercation with Ms. Roush. Appellant admitted that he caused some of the damage, specifically that he punched holes in several walls. Thus, there was competent, credible evidence to support a finding that appellant intentionally damaged appellee's rental property.
The only issue that is really in dispute is the measure of appellee's damages. Once again, the trial court's position to assess the value of the damages suffered by appellee as a result of appellant's actions is superior to that of this court on review. See Jeane v. Hawkes Hosp. ofMt. Carmel (1991), 74 Ohio App.3d 246, 598 N.E.2d 1174; Lavender v.Justice (Jan. 25, 1994), Pike App. No. 511, unreported. Appellee testified that he had received estimates that it would cost between $2,000 and $3,000 to repair the damage that appellant caused. The trial court awarded appellee $1,000 in damages. Nothing in the record suggests that this award was excessive. Therefore, we find that the trial court's judgment on appellee's counterclaim is supported by competent, credible evidence.
Accordingly, appellant's Second Assignment of Error is OVERRULED. The judgment of the Adams County Court, Small Claims Division, is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT, SMALL CLAIMS DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J. Concurs in Judgment and Opinion as to Assignment of Error II; Dissents as to Assignment of Error I.
Kline, J. Concurs in Judgment Only.
[1] The one exception to this rule is that a defaulting contractor who has contributed substantial value to the other party's property may recover the value of his or her labor and materials. See Murray v. MabroBuilders, Inc. (1977), 53 Ohio App.2d 1, 371 N.E.2d 218. Because we find that appellant is not entitled to recover under quantum meruit, we need not determine whether this exception applies to appellant's claim.