[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Jean Jackson, appeals the judgment of the Hamilton County Court of Common pleas dismissing her complaint against defendant-appellee, Horace Flannery, pursuant to Civ.R. 12(B)(6). For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
In March 2000, Jackson filed a complaint seeking $86,400 in rent from Flannery. She alleged that she owned a residence that Flannery had occupied for approximately eight years. According to the complaint, Jackson and Flannery had entered into a month-to-month oral lease under which Flannery would "pay all utilities and reasonable rent based upon his financial conditions and health considerations." Jackson alleged that Flannery had left the residence without having paid any rent for the eight-year period. She further alleged that Flannery had "unjustly benefited" from the use of the property. The prayer for damages in the amount of $86,400 was based upon Jackson's calculation of the reasonable rental value of the premises.
Flannery filed a motion to dismiss the action pursuant to Civ.R. 12(B)(6), and, in an entry journalized September 7, 2000, the trial court granted the motion. This appeal followed.
In a single assignment of error, Jackson argues that the trial court erred in granting the motion to dismiss. In the consideration of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6), the factual allegations in the complaint must be presumed true and all reasonable inferences drawn in favor of the plaintiff.[1] Dismissal is appropriate only when it appears beyond doubt from the complaint that no set of facts can be proven to support the plaintiff's claim for relief.[2] This court reviews the granting or denial of a Civ.R. 12(B)(6) motion de novo.[3]
Jackson first contends that the complaint was sufficient to state a claim for breach of an oral contract to pay rent. We disagree. A contract is enforceable only if there is a meeting of the minds as to the essential terms of the agreement.[4] Vagueness of expression, indefiniteness, or uncertainty concerning any essential elements of an agreement prevents the creation of an enforceable contract.[5]
In the case at bar, it is apparent from the complaint that the parties had failed to agree upon the essential term of rent. According to Jackson's allegations, the parties agreed only to "reasonable" rent that depended in some unspecified way upon the financial and physical health of Flannery. The complaint therefore reflected that the parties had not come to a meeting of the minds as to the amount of rent and had not even settled upon a reasonably ascertainable formula for computing the amount of rent. Under these circumstances, we find no error as to the dismissal of the claim for breach of an oral contract.[6]
But we do find merit in Jackson's argument that the court erred in dismissing the claim sounding in quantum meruit. Quantum meruit is an equitable doctrine based upon the concept that a party should not be unjustly enriched at the expense of another.[7] To prevent unjust enrichment, the law implies a promise to pay for the reasonable value of the services rendered, in the absence of a contract.[8]
In the instant case, the allegations were sufficient to state a claim for quantum meruit. Jackson alleged that Flannery had been unjustly enriched by residing in the residence for a period of eight years without paying rent. Flannery argues that Jackson's receipt of some benefit, specifically the maintenance of the premises, precludes recovery for unjust enrichment, but we find no authority for that proposition. Although the value of any benefit received by Jackson would be a factor in balancing the equities of the parties, such benefit is not a proper basis for dismissal under Civ.R. 12(B)(6). Accordingly, we sustain Jackson's assignment of error, but only as it relates to her claim forquantum meruit. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the foregoing.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753, 756.
[2] O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[3] Ellis v. General Electric Co. (Sept. 29, 2000), Hamilton App. No. C-990775, unreported, jurisdictional motion overruled (2001),91 Ohio St.3d 1432, 741 N.E.2d 895.
[4] McCarthy, Leibit, Crystal Haiman Co. v. First Union Management,Inc. (1993), 87 Ohio App.3d 613, 620, 622 N.E.2d 1093, 1098.
[5] Ross v. Belden Park Co. (Apr. 16, 2001), Stark App. No. 2000CA00086, unreported.
[6] The parties have also presented arguments about the applicability of the statute of frauds, the statute of conveyances, and the statute of limitations. Given our holding that the complaint failed to demonstrate a meeting of the minds, we need not address these other issues.
[7] Paugh Farmer Inc. v. Menorah Home for Jewish Aged (1984),15 Ohio St.3d 44, 46, 472 N.E.2d 704, 706; Brune-Harpenau-TorbeckBuilders, Inc. v. Torbeck (Dec. 24, 1998), Hamilton App. No. C-971072, unreported.
[8] Id.