[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Sheila Raphael, appeals from the trial court's entry of judgment in favor of plaintiff-appellee, Good Samaritan Hospital, on the hospital's claim to recover amounts owed by Raphael for medical services. In two assignments of error, Raphael argues that the trial court erred by (1) rendering a verdict in favor of the hospital, and (2) by admitting certain documents into evidence.
Raphael received medical treatment at Good Samaritan Hospital from May 27, 1998 through June 2, 1998. During her stay, Raphael executed a voluntary-admission form. Afterwards, Raphael refused to pay her hospital bill because she did not agree with the diagnosis that had been rendered. At trial, the hospital presented evidence of the charges for its services.
Quantum meruit is an equitable doctrine that permits recovery upon the theory that a party should not be unjustly enriched at the expense of another.[1] To prevent unjust enrichment, the law implies a promise to pay for the reasonable value of services rendered, in the absence of a contract for such services.[2] In this case, it is undisputed that Raphael received medical treatment, and that she refused to pay the reasonable value of the hospital's services. Because competent, credible evidence supports the trial court's award of damages in quantum meruit, we overrule the first assignment of error.
In her second assignment of error, Raphael contends that the trial court erred in admitting the hospital's accounting records into evidence. The record adequately demonstrates that the documents admitted into evidence were kept in the regular course of business. Therefore, we find no abuse of discretion on the part of the trial court in admitting them.[3]
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] See Paugh Farmer, Inc. v. Menorah Home for Jewish Aged (1984),15 Ohio St.3d 44, 46, 472 N.E.2d 704, 706.
[2] Id.
[3] See Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299, 587 N.E.2d 290, 293.