JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Plaintiff-appellant Joel Muskovich appeals from the trial court's entry granting summary judgment to defendant-appellee SST Bearing Corporation ("SST") on his workplace intentional-tort claim and granting SST's motion to strike the affidavit of his expert witness, Gary Robinson. Muskovich raises two assignments of error for our review. Because we find neither assignment well taken, we affirm the judgment of the trial court.
On February 9, 1999, Muskovich was injured during the course and scope of his employment at SST. Muskovich worked in the roller division at SST. He was part of a three-man crew that operated three separate machines on a rotating basis: a pipe cutter, a rebar cutter, and a swedger machine. On the date of his injury, Muskovich was operating the swedger machine. SST had purchased the swedger machine in used condition from another company. It consisted of a base, a set of cradles, an end stop, an operator panel on the left, and a hydraulic ram on the right. The stroke of the hydraulic ram was very short, just the small amount needed to press the assembly against the left end stop and to press the bearings and shafts into the ends of the cylinder.
Muskovich's co-worker and his supervisor testified that workers were instructed to place the roller into the cradle with the bearing and shafts pushed into both ends. The workers then used their left hand to depress an actuating button on the control panel. That caused the hydraulic ram to move from right to left, pushing the cylinder bearing assembly against the left stop and "swedging" the bearing into the end of the cylinder. Muskovich could not explain why, he left his right hand in contact with the right end of the cylinder/bearing assembly when he actuated the machine. His right hand was caught between the hydraulic ram and the end of the assembly causing him to lose his index and middle fingers.
In his first assignment of error, Muskovich argues that the trial court erred in granting SST's motion for summary judgment because a genuine issue of material fact existed as to each element of his intentional-tort claim.
Summary judgment is appropriate when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion that is adverse to the opposing party.[1] We review the grant or denial of a motion for summary judgment de novo.[2]
Employer intentional torts are an exception to the application of the workers' compensation laws. The Ohio Supreme Court has defined the breadth of this exception narrowly so that it does not erode the exclusivity of the workers' compensation laws in most cases of liability and recovery.[3] To survive a summary judgment motion, the court in Fyffe v. Jeno'sInc.[4] held that an employee must present evidence of each of three elements: (1) knowledge of the employer of a dangerous process, (2) knowledge that if the employee is engaged in this process, then harm to the employee will be a substantial certainty, and (3) with such knowledge, the employer required the employee to continue to perform the dangerous task.[5] The court stated that more than mere negligence or recklessness on the part of the employer is required to satisfy the elements.[6] The circumstances surrounding the incident must be so egregious that it falls outside the purview of the workers' compensation laws.[7]
Muskovich claims that summary judgment was inappropriate because SST knew the machine was dangerous, that it did not have a guard attached, and that he had to reach into the machine while operating it, so that harm to him was certain. Muskovich contends that SST's failure to install a safety guard on the machine was tantamount to the misconduct recognized in cases where the employer removed a guard from a machine. We disagree.
In this case, there was no evidence that any guard had been removed from the swedger machine; in fact, an SST supervisor testified that SST had purchased the machine from another company and that the machine had never had a guard. While SST's failure to install a guard may have constituted negligence or even recklessness, it could not be equated with any intent to injure.[8] Furthermore, SST's knowledge that workers would sometimes adjust the bearings while the cylinder sat in the cradle of the swedger machine did not mean that it knew injury was a substantial certainty, particularly in light of the absence of prior accidents[9] and the testimony of two employees that putting one's hand in the machine was not the recommended procedure of SST. Furthermore, one employee even testified that he had told Muskovich specifically on the date of his injury not to place his hand in the machine to adjust the bearings. Because Muskovich could not demonstrate that SST knew that his injury was a substantial certainty, summary judgment was properly entered in favor of SST. Consequently, we overrule Muskovich's first assignment of error.
In his second assignment of error, Muskovich contends the trial court abused its discretion in striking the affidavit of his expert witness.
The trial court held a scheduling conference by telephone on March 12, 2003. At that conference, Muskovich was given until May 1, 2003, to disclose any expert witnesses he wished to use. Muskovich did not disclose, Robinson, his expert witness, until October 1, 2003, when he filed his response to SST Bearing's motion for summary judgment. SST moved to strike the expert's affidavit because it would be prejudiced by the untimely disclosure and because the expert's affidavit failed to meet the requirements set forth in Civ. R. 56(E) and Evid. R. 701. The trial court without elaboration granted SST's motion to strike the expert's affidavit. Muskovich contends that the trial court's decision to strike his expert's affidavit was unreasonable because he did not need personal knowledge to testify. We need not address that issue, though, because the trial court had another ground for striking the affidavit — namely the expert's untimely disclosure.
The Ohio Supreme Court has held that a trial court has discretion to set a deadline for the disclosure of expert witnesses and can enforce its order by excluding all testimony disclosed after the deadline.[10] This court has also upheld the exclusion of expert testimony on similar grounds.[11]
Here the trial court could have reasonably concluded that SST would have been severely prejudiced by Muskovich's failure to timely name Robinson as his expert witness. Because of the late disclosure, SST was unable to depose Robinson or to name its own expert witness by the court-ordered deadline. Furthermore, the trial court's scheduling order provided that unnamed witnesses would not be permitted to testify without leave of court. Given these circumstances, we cannot say that the trial court abused its discretion in excluding the affidavit of Robinson.[12]
As a result, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] Civ. R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
[2] Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[3] See Spates v. Jones (July 12, 1995), 2nd Dist. No. 15057.
[4] (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus.
[5] Id.
[6] Id. at paragraph two of the syllabus.
[7] See Spates, supra.
[8] See Kincer v. American Brick Block, Inc. (Jan. 24, 1997), 2nd Dist. No. 16073 (failure to guard all the belts on machines despite employer knowledge that unguarded belts were dangerous merely demonstrated that the employer was aware of and appreciated the risk, rather than that the employer knew that injury was a virtual certainty.).
[9] Taulbee v. Adience, Inc. (1997), 120 Ohio App.3d 11, 19,696 N.E.2d 625.
[10] Paugh Farmer, Inc. v. Menorah Home for Jewish Aged
(1984), 15 Ohio St.3d 44, 472 N.E.2d 704.
[11] Parker v. IF Insulation Co., Inc. (Mar. 27, 1998), 1st Dist. No. C-960602.
[12] See, also, Kolidakis v. Glenn Mclendon Trucking Co., 7th Dist. No. 03 MA 64, 2004-Ohio-3638, at ¶ 2.