{¶ 35} I concur, but write separately to emphasize the reasons why, having reviewed the record in this case, and the law applicable to it, I concur in overruling the first two assignments of error.
 {¶ 36} Jury demands do not confer the right to a jury trial; they only invoke it as to "any issue triable of right by a jury * * *." Civ.R. 38(B). The allegations in the complaint determine the nature and character of the claim as being one in which the parties are or are not entitled to a jury trial. Corry v. Gaynor (1871), 21 Ohio St. 277, 280. In this case, *Page 17 
appellant pled his claims alternatively. First, he pled a claim of breach of contract. The contract was implied-in-fact, not express, but is nonetheless a contract-based claim. Express contracts and "contracts wholly implied in fact * * * both are true contracts formed by a mutual manifestation of assent." Calamari Perillo, Contracts (1970) 11, Section 10. Appellant had a right to a jury trial on his claim for breach of contract. Dockery v. Doctor Bo Auto Clinic (July 27, 2001), Sandusky App. No. S-00-045.
 {¶ 37} Second, appellant pled a claim of quantum meruit, or unjust enrichment, based not on an intentional promise, but on a quasi-contractual promise implied-in-law, for which he seeks the equitable remedy of restitution. "A contract implied in law is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended. * * * There is nothing contractual about this at all." (Emphasis added.) Calamari Perillo, supra.
 {¶ 38} A contract implied in law presents an issue of law and "[i]ssues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure." R.C. 2311.04. Moreover, the Supreme Court of Ohio has characterized claims for unjust enrichment, such as appellant's second claim, as equitable claims,[1] and the court has "long held that a right to a jury trial does not exist if the relief sought is equitable rather than legal." Digital Analog Design Corp. v.N. Supply Co. (1992), 63 Ohio St.3d 657, 662, 590 N.E.2d 737. My colleagues seem to view as an open question whether unjust *Page 18 
enrichment is equitable or legal in nature, but the Supreme Court of Ohio has spoken, in Johnson and Paugh Farmer, fn. 1 supra, and thus, the question, in my view is settled.
 {¶ 39} Since no right to a jury trial ever existed as to appellant's unjust enrichment claim, and it presents an issue of law, it "must be tried by the court, unless referred as provided in the Rules of Civil Procedure." R.C. 2311.04. Thus, unless the court and/or the parties had clearly invoked the procedures in Civ.R. 39(C), appellant's claim for unjust enrichment had to be tried to the court. I share my colleagues' view that the trial court in this case did not employ exemplary practices in communicating about this issue in advance of the verdict. Nonetheless, we must take the record as we find it, and because the record in this case lacks any explicit indication that the court and the parties invoked the procedure in Civ.R. 39(C)(2), I cannot say that the jury was impaneled to render a binding verdict on the unjust enrichment claim.
[1] "Unjust enrichment occurs when a person `has and retains money or benefits which in justice and equity belong to another[.]'" (Emphasis added.) Johnson v. Microsoft Corp., 106 Ohio St.3d 278, 2005-Ohio-4985,834 N.E.2d 791, ¶ 20, quoting Hummel v. Hummel (1938), 133 Ohio St. 520,528, 11 O.O. 221, 14 N.E.2d 923. "[Quasi-contracts based on unjust enrichment are] a legal fiction that does not rest upon the intention of the parties, but rather on equitable principles in order to provide a remedy." Paugh Farmer, Inc. v. Menorah Home for Jewish Aged (1984),15 Ohio St.3d 44, 46, 15 OBR 142, 472 N.E.2d 704.