JOURNAL ENTRY and OPINION
{¶ 1} Dante Camastro appeals from a decision of the common pleas court which granted summary judgment in favor of Dr. Bahman Guyuron, in connection with Camastro's medical malpractice claim. On appeal, Camastro contends the court abused its discretion in granting summary judgment arguing that although he did not file an expert report in a timely fashion, the court should have accepted it. After review of the record, we have determined the court properly granted summary judgment and therefore we affirm.
 {¶ 2} The record reveals that on August 28, 1999, Camastro filed a medical malpractice complaint against Guyuron, in connection with plastic surgery which Guyuron performed on him. At a case management conference the court set a trial date and ordered Camastro to produce a medical expert report on or before December 31, 1999. Thereafter, the court granted Camastro an extension of time to file the expert report until January 21, 2000. Subsequently, on January 4, 2000, Camastro voluntarily dismissed that case without prejudice pursuant to Civ.R. 41.
 {¶ 3} On December 26, 2000, however, Camastro refiled his complaint against Guyuron, pro se. On September 13, 2001, Guyuron moved for summary judgment because Camastro failed to produce an expert medical report to support his claim. On September 24, 2001, the court held a case management conference, set a March 25, 2002 trial date and ordered Camastro to produce his expert report by November 16, 2001. On November 15, 2001, Camastro filed a motion for a 30-day extension to file his report, which the court granted.
 {¶ 4} In December, the court granted another pro se motion for an additional extension of time to file the report, in which Camastro asked to file it by December 31, 2001; this time, however, the court specified in its order, "no further extensions." On December 28, 2001, having failed to obtain an expert report, Camastro filed a third motion for extension of time. On January 24, 2002, the court denied his December 28, 2001 motion for extension of time and entered a final order in the case granting Guyuron's motion for summary judgment. A week later, on February 1, 2002, Camastro filed what he asserts to be an expert report. The court denied his motion to reconsider the summary judgment, and he now appeals with one assignment of error:
 {¶ 5} "The trial court abused its discretion in granting appellee's motion for summary judgment as appellant filed his expert report on or about January 24, 2002 and no prejudice would have inured to appellee by accepting appellant's expert report."
 {¶ 6} Camastro argues that no prejudice "would have inured to appellee" by allowing him to file his expert report out of rule, one month prior to trial. Guyuron contends the court properly granted summary judgment based on Camastro's failure to timely file the report.
 {¶ 7} Our review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} In this regard, we recognize that Civ.R. 56 provides in part:
 {¶ 9} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 10} Further, a party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issues of material fact concerning an essential element of an opponent's case. See Dresher v.Burt (1996), 75 Ohio St.3d 280, 292. A defendant may satisfy this burden by showing an absence of evidence to support the nonmoving party's case. Once the moving party has satisfied this burden, the nonmoving party then has the burden to set forth specific facts showing there is an issue for trial. Id.
 {¶ 11} It is settled law in Ohio that in order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the treatment provided did not meet the prevailing standard of care. Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 131-132.
 {¶ 12} "Proof of the recognized standards must necessarily be provided through expert testimony. This expert must be qualified to express an opinion concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place, according to the body of law that has developed in this area of evidence."
 {¶ 13} Here, Camastro failed to produce an expert to support his malpractice claim during the pendency of the case in the common pleas court. In his motion for summary judgment, Guyuron argued that Camastro could not establish his medical malpractice claim absent expert testimony and that, despite being given ample time to do so, he had not produced such expert report. Only after the trial court granted summary judgment and thereby disposed of the case did Camastro actually file what he purports to be the expert report.
 {¶ 14} The Ohio Supreme Court has affirmed our court in recognizing that an expert report may properly be excluded for purposes of summary judgment where it has been excluded for trial as a discovery sanction. Paugh Farmer, Inc. v. Menorah Home for Jewish Aged
(1984), 15 Ohio St.3d 44. Cuyahoga County Court of Common Pleas Loc.R. 21.1 states in relevant part as follows:
 {¶ 15} "(A) * * * each counsel shall exchange with all other counsel written reports of medical and expert witnesses expected to testify in advance of the trial. The parties shall submit expert [*7] reports in accord with the time schedule established at the Case Management Conference. * * *
 {¶ 16} "(B) A party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel. * * * An expert will not be permitted to testify or provide opinions on issues not raised in his report.
 {¶ 17} "(F) A party may take a discovery deposition of their opponent's medical or expert witness only after the mutual exchange of reports has occurred. * * * Except upon good cause shown, the taking of a discovery deposition of the proponent's expert prior to the opponent's submission of an expert report constitutes a waiver of the right on the part of the opponent to call an expert at trial on the issues raised in the proponent's expert's report."
 {¶ 18} Loc.R. 21.1 of the Cuyahoga County Court of Common Pleas grants a trial judge discretion to determine whether a party has complied with Loc.R. 21.1 and, in the absence of compliance, to exclude expert testimony. Pang v. Minch (1990), 53 Ohio St.3d 186. The Ohio Supreme Court has expressly recognized this principle, when determining that Loc.R. 21 of the Cuyahoga Court of Common Pleas authorized the exclusion of expert testimony from evidence at trial when the proponent failed to timely exchange the expert's report within the deadline established by the trial court as in the case sub judice. Paugh at 15 Ohio St.3d 44.
 {¶ 19} Camastro did not submit his report within the time deadline imposed by the court and presented it only after the court had disposed of the case. Thus, it was not before the court at the time of the ruling on the motion for summary judgment. Further, Camastro offered no explanation for the delay, and inasmuch as the case had been scheduled for trial on March 25, 2002, he has failed to demonstrate that the court abused its discretion in granting summary judgment.
 {¶ 20} Accordingly, we reject this assignment of error and affirm the decision of the trial court.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and PATRICIA ANN BLACKMON, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).